UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:10-cr-00576-KJD-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| BRYAN HISER, | |
| Defendant. | |

Presently before the Court are four pro se motions filed by Defendant Bryan Hiser: (1) Motion for Copies (#72), (2) Motion for Docket Sheet (#73), Motion to Reconsider (#74), and (4) Motion for Compassionate Release Under First Step Act (#75). The Government filed a response in opposition to Defendant's motion for compassionate release. (#80). Defendant did not file a reply, and the time to do so has passed. The Court will address each motion in turn, beginning with Hiser's Motion to Reconsider (#74) and Motion for Compassionate Release Under First Step Act (#75).

I.   Factual and Procedural Background

On August 9, 2011, Hiser pleaded guilty to two counts of unlaw possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (#46). On November 22, 2011, Hiser was sentenced to sixty-three (63) months' imprisonment per count, to be served concurrently, followed by thirty-six (36) months of supervised release. (#57). Currently, Hiser is incarcerated with a projected release date set for 2026. (#74, at 3).

II.   Analysis

**A.   Motion to Reconsider and Motion for Sentence Reduction (#74/75)**

Although titled differently, Defendant's Motion to Reconsider and Motion for Compassionate Release seek the same relief, requesting that eight (8) months be credited towards his federal sentence. (#74, at 1-2; #75, at 1-3). As such, the Court liberally construes Defendant's two motions as a single request for a sentence reduction under 18 U.S.C. § 3582.[1] See generally

---

[1] Although the Court construes Hiser's motions as seeking relief under 18 U.S.C. § 3582, solely on the basis that the

Draper v. Rosario, 836 F.3d 1072, 1080 (9th Cir. 2016) ("[P]ro se pleadings must be construed liberally[.]"). On December 15, 2010, pursuant to a writ of habeas corpus ad prosequendum, Hiser was transferred from the Las Vegas City Jail to appear before the Magistrate Judge at the Lloyd D. George United States Courthouse. (#9). And Hiser remained in federal custody for approximately nine months (9) until he was released back to state custody on September 8, 2011. Hiser now argues he is entitled to a reduction in sentence for the time he spent in federal custody. (#74, at 1; #75, at 2).

In response, the Government argues (1) that Hiser has not exhausted his administrative remedies under 18 U.S.C. § 3582; (2) his sole ground for relief—not receiving credit toward his federal sentence—is not an extraordinary and compelling reason to warrant relief under Section 3582; and (3) the appropriate motion to challenge the alleged miscalculation is under 28 U.S.C. § 2241, not 18 U.S.C. § 3582. (#80, at 3-6). The Court agrees with the Government.

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, allows certain inmates to seek a modification of his or her imposed term of imprisonment. Specifically, § 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U. 3582(c)(1)(A), (c)(1)(A)(i).

---

only legal authority present in Hiser's motions is 18 U.S.C. § 3582, it recognizes that they could also be construed under 28 U.S.C. § 2241. However, as discussed in detail below, even if the motions were construed as seeking relief under Section 2241, Hiser's claims still fail.

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must find "extraordinary and compelling reasons" warranting such a reduction and that such a reduction is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. Id.

As the movant, Hiser bears the burden to establish that he is eligible for a sentence reduction. See United States v. Wright, 46 F.4th 938, 951 (9th Cir. 2022) (explaining it is the "[defendant's] burden to establish his eligibility for compassionate release"). Yet, it is undisputed that Hiser has failed to exhaust his administrative remedies. Hiser's motions contain no evidence of communication between him and the Bureau of Prisons ("BOP") concerning his request for a sentence modification. (See #74, at 1-2; #75, at 1-3). By itself, the failure to exhaust administrative remedies is sufficient grounds to deny relief under 18 U.S.C. § 3582. See United States v. Fuentes, 834 F. App'x 414, 415 (9th Cir. 2021) (affirming district court's ruling to deny relief under 18 U.S.C. § 3582 based on defendant's failure to exhaust administrative remedies).

Moreover, even if the Court were to reach the merits, Hiser's argument would still fail because it does not amount to an "extraordinary and compelling" reason justifying a modification. Under U.S.S.G. § 1B1.13(b), extraordinary and compelling reasons exist under any of the following circumstances or combination thereof: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; or (6) an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6). As argued by the Government, "[t]here is nothing extraordinary and compelling about a defendant not receiving credit for pretrial detention toward his federal sentence when he is in primary state custody during pretrial[.]" (#80, at 4). The Court agrees.

Furthermore, in opposing Defendant's motion, the Government asserts that the proper mechanism to challenge an improper jail time credit should be raised under 28 U.S.C. § 2241, not 18 U.S.C. § 3582(c). (#80, at 5). Again, the Court agrees.

As previously mentioned, the sole basis for Defendant's motions is that he was never

credited for the time he spent in federal custody towards either his state or federal sentence. In essence, Hiser is challenging the execution of his sentence, rather than its validity. Challenges to the execution of a sentence are only properly brought through a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). However, even if the Court liberally construed Hiser's motions as seeking relief under Section 2241, they would still be unsuccessful since they were directed to this Court rather than the court in the district where Hiser is confined. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (holding that a habeas petition must be addressed to the district court in the district where the defendant is confined). As such, the Court lacks jurisdiction to even consider Hiser's claims under Section 2241. See United States v. Miller, 51 F. App'x 775 (9th Cir. 2002) (holding that the district court lacked jurisdiction to consider defendant's habeas petition because it was brought in the district of sentencing, not the district of incarceration).

In order to have his claim adjudicated, Hiser must first exhaust his available administrative remedies with the BOP, and then file a petition in the Eastern District of Pennsylvania, the district of his incarceration. See generally Aderhold v. Thomas, 271 F. App'x 690 (9th Cir. 2008) ("A federal prisoner is required to exhaust federal administrative remedies before bringing a habeas petition in federal court."). And while the Court could transfer the action under 28 U.S.C. § 1631, dismissing the motion at this stage will provide Hiser the opportunity to exhaust his available administrative remedies and subsequently file a Section 2241 petition. As such, Defendant's motions are denied.

### B. Motion for Docket Sheet and Motion for Copies (#73/72)

Hiser's remaining two motions request a copy of his plea agreement, judgment, and the docket sheet. (#73/72). Typically, the Court cannot provide free copies of electronically filed documents. Instead, there is a charge of 10 cents per page to obtain them. See LR IC 1-1(i)(5); 28 U.S.C. § 1914. However, as a courtesy, the Court will provide Defendant with copies of the requested documents, excluding his plea agreement, since there was no plea agreement submitted in his matter. (See #46) ("Defendant pleads guilty to count 1 and 2 of the Superseding Indictment. There is no plea agreement.").

III.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider (#74) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Compassionate Release (#75) is **DENIED**.

**IT IS FURTHER ORDRED** that Defendant's Motion for Docket Sheet (#73) and Motion for Copies (#72) are **GRANTED.**

The Clerk of the Court is kindly directed to send Defendant the following:

1. A copy of his judgment (#57).
2. A copy of the docket sheet.
3. Details on how Defendant can purchase and receive any additional requested documents.

Dated this 10th day of June 2024.

_____
Kent J. Dawson
United States District Judge